UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN L. BALL,

    Plaintiff,

    v.                   Case No. 18-C-1292

MILWAUKEE COUNTY HOUSE OF CORRECTION,
CAPTAIN SUBEK, J. STREHLOW,
ARMOR CORRECTIONAL HEALTH INC.,
CO ADAMS, LT. REAVES, LT. MILIACCA,
CAPTAIN SULLIVAN, CO NASH,
JOHN WILLIAMS, CO NELSON, K. NEIRSON, and
MAJOR TUNER,

    Defendants.

---

## SCREENING ORDER

---

    Plaintiff Stephen L. Ball, who is representing himself, filed a complaint on August 22, 2018 alleging that the defendants violated his civil rights under 42 U.S.C. § 1983 when he was confined in the Milwaukee County House of Correction. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). This case is currently assigned to U.S. Magistrate Judge Nancy Joseph. Although the plaintiff consented to Judge Joseph hearing and deciding the case, the defendants have not yet had the opportunity to decide whether to consent because, until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because *both* parties have not yet consented to the magistrate judge hearing the case, the clerk's office referred the case to Judge Pamela Pepper to screen the complaint and decide whether it should be served on any of the defendants. The case has since been referred to this court. The court will explain which claims the plaintiff has stated against

which defendants, and then it will return the case to Judge Joseph for further proceedings. This decision resolves the plaintiff's motions to proceed without prepayment of the filing fee and screens his complaint.

### A. *Motion to Proceed without Prepayment of the Filing Fee*

Although the plaintiff is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. The plaintiff has been assessed and paid an initial partial filing fee. Therefore, the plaintiff's motion to proceed without prepayment of the filing fee will be granted.

### B. *Screening of the Complaint*

Federal law requires that the court screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

1. *Allegations in the Complaint*

The plaintiff alleges that between May 25, 2018 and the filing of this complaint, various employees and agents of the House of Correction were deliberately indifferent to his disability, causing him to sustain injury. Specifically, the plaintiff alleges that defendant Captain Subek, on May 25, 2018, handcuffed him to the front of a walker instead of handcuffing him to a wheelchair. The plaintiff asserts that as a result, he fell and was injured.

The plaintiff then alleges on June 26, 2018, defendant Strehlow refused to make accommodations, including calling the 0-2 unit, to allow the plaintiff to bathe instead of shower. He asserts that Strehlow disregarded the directive that he take "special baths for safety reasons." Dkt. No. 1 at 3. The plaintiff alleges that he fell in the shower. That same day, the plaintiff alleges that defendant K. Nerison put him in segregation despite the fact that "medical orders" stated he should not be placed in segregation. *Id.*

Then, the plaintiff asserts that, on August 1, 2018, defendant Major Tuner refused to let him use the restroom "or make reasonable accommodations," which resulted in the plaintiff urinating on himself. *Id.* at 3–4. A few days later on August 6, he asserts that defendant CO Nelson

3

forced him to walk down the stairs while carrying a walker. The plaintiff alleges that he fell and was injured.

While the plaintiff does not specify a time period, he alleges that defendant Reaves would punish him by hiding his mobility devices. He also asserts that Armor Correctional Health on numerous occasions between May 25, 2018 and the filing of the complaint failed to provide timely medical treatment and failed to provide "proper assistive devices," ignoring "previous dr. [sic] orders." *Id.* at 2–3. The plaintiff further asserts that defendant Captain Sullivan refused to enforce previously approved medical clearances, though he does not specify what those medical clearances are or what they do. Finally, the plaintiff alleges that defendant Lt. Miliacca denied as unfounded all of the plaintiff's grievances related to these issues.

*2. Analysis*

As an initial matter, based on the court's reading of the complaint, it appears the plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule

20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In this case, the plaintiff alleges that the defendants violated his constitutional rights because they were deliberately indifferent to his disability in unrelated ways. Rather than dismiss the pleading with instructions to amend it, the court will allow the plaintiff to proceed on a single claim and dismiss the unrelated claims without prejudice, as explained in more detail below.

The plaintiff sues the Milwaukee County House of Correction, Armor Correctional Health, Inc., and various employees of the Milwaukee House of Correction. Before the court addresses the plaintiff's substantive claims, the court notes that the plaintiff cannot sue the Milwaukee County House of Correction under § 1983. Section 1983 allows a plaintiff to sue a "person" who, acting under the color of law, violates his constitutional rights. Milwaukee County House of Correction is not a person, and so cannot be subject to suit under § 1983. While there are some circumstances under which a municipality can be sued under § 1983, *see Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin Cty. Jail*, Case No. 160cv01284, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Milwaukee County House of Correction "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under § 1983. *Whiting v. Marathon Cty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). As such, the court dismisses Milwaukee House of Correction from this suit.

With regard to Armor Correctional Health, Inc., a private corporation is also not a "person" for § 1983 purposes; however, there are some circumstances where a plaintiff can sue a private corporation. *See Glisson v. Indiana Dep't of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017). A plaintiff can sue a private corporation under § 1983 where a corporate "policy or custom gave rise to the harm (that is, caused it)." *Id.* Here, the plaintiff merely alleges that Armor Health failed to provide timely medical services and accessibility devices but makes no mention of any Armor Health policy or custom that caused the lack of medical services or accessibility devices. Thus, the plaintiff cannot sue Armor Health under § 1983, and therefore the court dismisses Armor Health from this suit.

The plaintiff also names three defendants—John Williams, CO Nash, and CO Adams—in the caption of his complaint, but he does not include any allegations in the body of his complaint explaining what they did or did not do to violate his constitutional rights. Thus, the court dismisses John Williams, CO Nash, and CO Adams from this suit.

Turning to the substance of the plaintiff's complaint, the plaintiff alleges that Lt. Miliacca violated his constitutional rights when he found all of the plaintiff's grievances to be unfounded. A prison official who denies a grievance cannot be held liable under § 1983. *See George*, 507 F.3d at 609. Rejecting a grievance, even if a defendant wrongfully rejected it, does not constitute a constitutional violation. *Id.* Thus, the court dismisses Lt. Miliacca from this case.

The remainder of the plaintiff's claims concern various defendants' alleged deliberate indifference to his disability in violation of his Eighth Amendment rights. A defendant's actions violate the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was

6

deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it merely needs to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "Deliberate indifference requires that a defendant 'knows of and disregards an excessive risk to inmate health or safety.'" *Zaya v. Sood*, 836 F.3d 800 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). It is "more than negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee Cty.*, 163 F.3d 982, 988 (7th Cir. 1998). A defendant's failure to accommodate the plaintiff's medical condition can constitute deliberate indifference. *See Bolling v. Carter*, 819 F. 3d 1035 (7th Cir. 2016) (finding that an allegation that defendant prison officials' refusal to accommodate the plaintiff's back injury by giving him the lower bunk could constitute a viable claim of deliberate indifference).

The plaintiff alleges that, on May 25, 2018, Captain Subek was arguably deliberately indifferent to his disability when Subek handcuffed him to a walker rather than handcuff him to a wheelchair and he fell as a result. Based on these allegations, the plaintiff will be permitted to proceed on a deliberate indifference claim against Captain Subek. The plaintiff also alleges that a number of other individuals violated his constitutional rights over the course of a two-month period when they were deliberately indifferent to his disability in various ways. The court will not allow the plaintiff to proceed with these unrelated claims against different defendants in a single action. *See George*, 507 F.3d at 609. These claims will therefore be dismissed without prejudice.

7

The plaintiff may pursue these claims in separately filed actions consistent with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and Federal Rules of Civil Procedure 18(a) and 20. In short, the plaintiff may proceed on his deliberate indifference claim against Captain Subek.

*C. Conclusion*

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Milwaukee County House of Correction, J Strehlow, Armor Correctional Health Inc., CO Adams, Lt. Reaves, Lt. Miliacca, Captain Sullivan, CO Nash, John Williams, CO Nelson, K. Nerison, and Major Tuner are **DISMISSED as defendants**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between Milwaukee County and this court, the clerk's office shall electronically send copies of the plaintiff's complaint and this order to Milwaukee County for service on defendant Captain Subek.

**IT IS FURTHER ORDERED** that defendant Captain Subek shall file a responsive pleading to this complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge Joseph for further proceedings.

Dated at Green Bay, Wisconsin this 19th day of February, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court