# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHEN L. BALL,

    Plaintiff,

v.                                                                                      Case No. 18-CV-1292

SCOTT SOBEK,

    Defendant.

## ORDER ON DEFENDANT'S
## MOTION TO DISMISS

Stephen L. Ball, who is representing himself, filed a civil rights complaint. On February 19, 2020, Judge Griesbach screened his complaint and allowed him to proceed on an Eighth Amendment deliberate indifference to medical needs claim against defendant Scott Sobek and referred this case to me for further proceedings. (ECF No. 14). On April 20, 2020, I entered a scheduling order setting the discovery deadline for August 20, 2020. On July 10, 2020, Sobek filed a motion to dismiss for failure to prosecute or in the alternative a motion to compel discovery and stay the case deadlines. (ECF No. 21). Sobek states that he sent Ball his first set of discovery requests on May 20, 2020. Ball did not respond, so he sent a follow-up letter on June 29, 2020.

In response, I issued a show cause order giving Ball until September 8, 2020 to either respond to Sobek's discovery requests or file a response explaining why he was unable to do so. (ECF No. 25.) I warned Ball that if he failed to respond by the deadline, I would grant Sobek's motion to dismiss and dismiss the case with

prejudice and without further notice to Ball *See* Fed. R. Civ. Pro. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . .the court where the action is pending may . . . .dismiss[] the action or proceeding in whole or part."); Civil L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."). Ball has failed to respond by the September 8, 2020 deadline. As such, I will grant Sobek's motion to dismiss and dismiss the case with prejudice.

**IT IS THEREFORE ORDERED**, that Sobek's motion to dismiss (ECF No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**, and the court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 16th day of September, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge